**In the United States District Court**
**District of South Carolina**
**Spartanburg Division**

| | |
|---|---|
| Raymond Harris, | ) |
| Plaintiff, | ) Complaint |
| v. | ) |
| | ) Fair Labor Standards Act |
| Piedmont Community Action, | ) |
| Defendant. | ) Jury Trial Demanded |

Plaintiff, through his attorneys, would respectfully show unto this Court as follows:

1. Plaintiff is a resident of Spartanburg.

2. Defendant is a South Carolina corporation with a principle place of business in Spartanburg County.

3. At all relevant times, Defendant employed Plaintiff primarily in Spartanburg County, but assigned him work in Greenville County as well.

4. Defendant engaged in a practice of classifying individuals as "independent contractors" to evade its tax, insurance, benefit, and overtime obligations.

5. Plaintiff performed general maintenance, including plumbing, electrical (incl. HVAC), grounds, and janitorial work for Defendant.

6. Defendant classified Plaintiff as an independent contractor when he clearly performed the work of an employee whose compensation was governed by the Fair Labor Standards Act ("FLSA").

1

7.  By way of example, Defendant controlled Plaintiff's hours of work, including imposition of a set schedule. Defendant also instructed him where to perform work and at what time. In fact, if Plaintiff desired to travel to one property to perform necessary work, the property manager on more than one occasion demanded that he stay at another property and do unnecessary work (e.g. pressure washing).

8.  Defendant provided all the tools and materials by which he performed work and Plaintiff had no investment in the materials or tools used.

9.  By insisting on a set schedule, Defendant scheduled Plaintiff in such a manner as to preclude him from performing work for others.

10. Plaintiff did not have his own business and was dependent on Defendant for his livelihood.

11. Plaintiff worked for Defendant on a full time basis for approximately seven years.

12. Defendant paid Plaintiff a set amount of money every two weeks, at a wage rate of fifteen dollars ($15) per hour for eighty hours.

13. Plaintiff did not quote prices, bid on work, or have the opportunity to earn any profit on jobs performed for Defendant. Plaintiff was not paid by the job or by the type of work or skill level of the work (e.g. electrical vs grounds or janitorial). Plaintiff received the same pay regardless of the work he performed, or even whether there was work available at any particular time.

14. The types of maintenance and grounds services Plaintiff performed were essential to the services provided by Defendant, namely housing.

15. Plaintiff regularly worked in excess of forty hours per week. On average, Plaintiff worked between sixty (60) and seventy (70) hours per week. Plaintiff was informed his regular schedule was an eight (8) hour day and he was given a set schedule. However, he would regularly work in excess of that in a day. In addition, residents of three properties would contact him after hours and on weekends, which would often require him to make service calls.

16. Defendant knew that it was improper to characterize Plaintiff as an independent contractor. In fact, it acknowledged to Plaintiff that it was aware that he needed to be treated as an employee under the FLSA.

17. Plaintiff worked hours in excess of 40 in one or more workweeks but was not paid an overtime rate of not less than one and one-half times his regular rate of pay, in violation of Section 7(a) of the FLSA.

18. Defendants had full knowledge that Plaintiff was working in excess of 40 hours in a work week without appropriate compensation therefore.

19. Plaintiff consents to this action and to being a plaintiff.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim for violation of the Fair Labor Standards Act as well as declaratory relief as to his employee status and as to the tax relief necessary to make Plaintiff whole, entry of judgment in an amount to be determined at trial to include all unpaid overtime wages, tax reimbursement, liquidated damages, attorney fees and pre-judgment interest, and any other relief provided for under the Act.

Respectfully submitted this 12th day of October, 2017.

                                        s/ Brian P. Murphy
                                        Brian P. Murphy (Fed. ID No. 6770)
                                        Marghretta H. Shisko (Fed. ID No. 11601)
                                        Attorneys for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
(864) 370-9400

Harrison White, P.C.
178 West Main Street
Spartanburg, SC 29306
(864) 585–5100

4